FILED
JUL 2 3 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFRED OLMOS-HUERTA,<br><br>Defendant. | Cr. No. 10-2511GT<br><br>**ORDER** |

**IT IS ORDERED** that the Interpreter's Services Department translate the attached documents and send the documents and the translated documents back to this court.

**IT IS SO ORDERED.**

7-23-10
date

GORDON THOMPSON, JR.
United States District Judge

cc: William Brown, Esq.

cc: Rebeca



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED

2010 APR -9 AM 10:06

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Case No. 10 MJ 1144 |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 18, U.S.C., Section 1326 |
| **Alfredo OLMOS-Huerta,** ) | Attempted Entry After Deportation |
| ) | |
| Defendant. ) | |

The undersigned complainant, being duly sworn, states:

On or about **April 8, 2010**, within the Southern District of California, defendant **Alfredo OLMOS-Huerta**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California, Port of Entry**, without the Attorney General of United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Section 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Elizabeth Rangel, Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me and subscribed in my presence, this 9th day of **April, 2010.**

UNITED STATES MAGISTRATE JUDGE

## Probable Cause Statement

On **April 08, 2010** at approximately **5:00 a.m.**, a male later identified as **Alfredo OLMOS-Huerta (Defendant)**, made application for admission into the United States from Mexico through vehicle primary lane 06 at the **San Ysidro Port of Entry**. Defendant was the driver of a blue 1987 Toyota Camry bearing a California license plate. Defendant approached a Customs and Border Protection (CBP) Officer and presented a United States Passport and a California Senior Citizen Identification Card not lawfully issued to him. During questioning defendant stated he was going to San Diego, California and that the vehicle belonged to his friend. The officer received information identifying the vehicle as being stolen. The officer requested the keys and attempted to open the trunk, and was unable to. The officer queried the passport on a computer database system and retrieved information indicating it was also reported stolen. The defendant and the vehicle were escorted to secondary inspection.

In secondary, an examination of the vehicle revealed two undocumented aliens concealed in the trunk. Further investigation revealed they are citizens of Mexico with no entitlements to enter the United States. Defendant's fingerprints were obtained and queried through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT/IAFIS linked Defendant to FBI and Immigration records and identified Defendant as a previously deported alien. Further queries in the Central Index System and the Enforce Alien Removal Module (EARM) confirmed Defendant to be a citizen of Mexico with no legal documents to enter the United States. Queries further revealed Defendant ordered deported from the United States to Mexico by an Immigration Judge on or about September 16, 2002. There is no record showing Defendant has applied for or received permission to legally re-enter the United States by the Attorney General or the Secretary of Homeland Security.

Defendant was advised of his Miranda rights and elected to waive his rights and make a statement. Defendant admitted he is a citizen of Mexico by virtue of birth in Mexico City, Mexico. Defendant admitted to being deported from the United States by an Immigration Judge. Defendant stated he has not applied for or received consent to legally re-enter the United States. Defendant admitted he attempted to enter the United States from Mexico by presenting United States Passport, a California Senior Citizen Identification Card, a Social Security card and two Mediare Insurance Cards not legally issued to him. Defendant stated he was en route to Chula Vista, California.

# MAGISTRATE JUDGE INFORMATION SHEET

MAGISTRATE CASE NUMBER _____ **10 MJ 1144**

1. Hearing Date: _____  2. AUSA: _____  3. Mag Judge: _____
4. USAO #: _____  5. Agency #: **SYS-10-04-0278/A 14 632 201**
6. Defendant #: 1 of 1  7. Case Agent: Adriana Rosas-Carranza / (619) 662-2210
8. Charge(s): 8 USC 1326 Attempted Entry After Deportation
9. Defendant's Name: **Alfredo OLMOS-Huerta**  10. Social Security Number: 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
11. Alias: _____  12. Birth Date: **December 08, 1940**
13. Address: 1157 Ave Pacifico, Playas de Tijuana, Baja California, Mexico
14. Arrest Date: **04/08/2010**  15. Place of Arrest: SYS-POE  16. Date Committed: **04/08/2010**
17. Agent(s): Luna, Counterman, Boyle, Kapczynski, Ramsey  18. Office Phone #: 619-690-8888
19. Agency: U.S. CBP  20. Station: San Ysidro POE  21. Custody: Yes (MCC)
22. Citizenship: Mexico  23. Immigration Status: Illegal Alien
24. Prior Deports: IJ: 10/19/99, 09/16/02, 05/18/08, ER: 07/24/02, 03/25/09
25. IDENT Hits: 4  26. Prior Record: Yes

| Date | Location | Charge | Sentence |
|---|---|---|---|
| 10/24/97 | DEA District Office, Las Cruces, NM | Possess w/Intent Valium & Sudafed | 41 mo, 36 mo prob |
| 11/03/98 | San Diego | Possess Marijuana for Sale | 80 days, 3 yrs prob |
| 11/19/02 | Southern District of California | 18USC1546 | 16 mo, 3 yrs SR |
| 10/21/04 | Southern District of California | 8USC1324 | 18 mo, 3 yrs SR |
| | Southern District of California | 18USC1028 | 24 mo, 1 yr SR |

27. Drug Usage: No  How Evidenced? As stated by Defendant  28. Cash on Defendant: $ 13.00
29. Other Evidence: DVD, Notes, Referral, U.S. Passport, CA ID, SSN Card, 2 Medicare cards, Vehicle
30. Agent's Fact Summary:
- On 04/08/10 Defendant was arrested at the San Ysidro, California Port of Entry attempting to enter the United States from Mexico after deportation. Defendant presented a U.S Passport and stated he was going to San Diego, California.
- Defendant was advised of his Miranda rights and waived his right to counsel. Defendant admitted he is a citizen of Mexico and has been deported from the United States by an Immigration Judge. Defendant admitted to presenting a U.S. Passport, not lawfully issued to him, to gain entry into the United States.
- Defendant is a citizen of Mexico with no legal documents to enter the United States. Service records indicate he was deported by an Immigration Judge on or about September 16, 2002 and was most recently removed to Mexico on or about March 25, 2009. There is no record showing Defendant has permission from the U.S. government to re-enter the United States.

31. Agent's Info Re: Defendant (Employment, Family, etc.) Taxi driver, divorced, 4 USC children
32. Defendant's Attorney:  Appointed ___  Retained ___
33. DEFENSE ATTORNEY: _____  PHONE NUMBER: _____
34. Next Date For: ___ Date ___ Time ___ Detention Date ___ Time ___

Court's Orders/Motions                                    Government's Notes For Bail

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ALFREDO OLMOS-HUERTA,

        Defendant.

CASE NO. 10CR1952

JUDGMENT OF DISMISSAL

FILED JUL 0 2 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILED JUL 7 - 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IT APPEARING that the defendant is now entitled to be discharged for the reason that:

__X__ an indictment has been filed in another case against the defendant and the Court has granted the motion of the Government for dismissal of this case, without prejudice; or

____ the Court has dismissed the case for unnecessary delay; or

____ the Court has granted the motion of the Government for dismissal; or

____ the Court has granted the motion of the defendant for a judgment of acquittal; or

____ a jury has been waived, and the Court has found the defendant not guilty; or

____ the jury has returned its verdict, finding the defendant not guilty;

__X__ of the offense(s) of: 8:1326 (a) and (b) - Attempted Entry After Deportation.

IT IS THEREFORE ADJUDGED that the defendant is hereby discharged.

DATED: 7/1/10

                              GORDON THOMPSON, JR.
                              UNITED STATES DISTRICT JUDGE

I have executed within dismissal
Judgement and Commitment on 7/3/10
United States Marshal
By: _____
USMS Criminal Section

PROB 12C(d)
(03/06)

April 22, 2010

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
10 APR 27 AM 11: 39
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Alfredo Olmos-Huerta (Spanish)    **Dkt No.:** 05CR00016-001-MMA

**Reg. No.:** 13849-051

**Name of Sentencing Judicial Officer:** The Honorable Michael M. Anello, U.S. District Judge

**Date of Sentence:** June 8, 2006

**Original Offense:** 8 U.S.C. § 1324(a)(2)(B)(iii), Bringing in an Illegal Alien without Presentation, a Class C felony; 18 U.S.C. § 1028A(a)(1), Aggravated Identity Theft, a Class E felony

**Sentence:** 42 months custody; 3 year(s) supervised release. *(Special Conditions: Search; no firearms; if deported not reenter the United States. Supervision waived upon deportation.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** March 23, 2009

**Asst. U.S. Atty.:** Zack James    **Defense Counsel:** Trenton C Packer (Appointed)
                                                          619-234-8467

**Prior Violation History:** None.

---

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

PROB 12C(d)

Name of Offender: Alfredo Olmos-Huerta
Docket No.: 05CR00016-001-MMA

April 22, 2010
Page 2

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nv1)* | 1. On or about April 8, 2010, Mr. Olmos-Huerta (hereinafter Olmos), a previously deported/removed alien, was found in the United States, in violation of 8 U.S.C. § 1326, as evidenced by the complaint filed in U.S. District Court, Southern District of California, Dkt. No. 10MJ01144-001-POR. |
| **(Special Condition)**<br>If deported, or returned to Mexico, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States. *(nv35)* | 2. On or about April 8, 2010, Mr. Olmos-Huerta (hereinafter Olmos), a previously deported/removed alien, was found in the United States, in violation of 8 U.S.C. § 1326, as evidenced by the complaint filed in U.S. District Court, Southern District of California, Dkt. No. 10MJ01144-001-POR. |

***Grounds for Revocation***: As to allegations 1 and 2, I received and reviewed the complaint (with probable cause statement), filed in U.S. District Court, Southern District of California, Dkt. No. 10MJ01144-001-POR, which confirms the following: On the above date, the subject attempted to enter the United States and the San Ysidro, California, Port of Entry, driving a Toyota Camry. When questioned by a United States Customs and Border Protection (USCBP) officer, the offender was referred to secondary inspections. Subsequently, two undocumented aliens were located in the trunk. Additionally, a records check revealed the offender had a deportation history.

Post arrest, the offender admitted he is a citizen of Mexico with no legal rights to enter the United States. He further admitted that in this instance, he attempted to enter the United States illegal by presenting documents not legally issued to him.

As indicated in the probable cause statement in support of the complaint, the offender had not applied for nor had received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security, to lawfully enter the United States subsequent to removal.

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to 21 months custody, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. An additional term of supervised release is not recommended, as Mr. Olmos will be subject to a term of supervised release in Dkt. No. 10MJ01144-001-POR. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

PROB 12C(d)

Name of Offender: Alfredo Olmos-Huerta  
Docket No.: 05CR00016-001-MMA

April 22, 2010  
Page 3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 22, 2010

Respectfully submitted:

by *[signature]*  
Marc W. Ryan  
United States Probation Officer  
(619) 409-5114

Reviewed and approved:

*Mary Murphy*  
Mary M. Murphy  
Supervising U.S. Probation Officer

Attachments

---

**THE COURT ORDERS:**

__X__ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(Currently detained at Metropolitan Correctional Center (MCC) under Registration No. 13849-051)

_____ Other _____

_[signature]_                                        4-26-2010  
The Honorable Michael M. Anello                     Date  
U.S. District Judge

EOA

FILED

2010 JUN 24 AM 10:42

CLERK US ...
SOUTHERN DIST... CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2010 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10 CR 2511 GT |
| Plaintiff, | **I N D I C T M E N T** |
| v. | Title 8, U.S.C., Secs. 1326(a) and (b) - Attempted Entry After Deportation |
| ALFREDO OLMOS-HUERTA, | |
| Defendant. | |

The grand jury charges:

On or about April 8, 2010, within the Southern District of California, defendant ALFREDO OLMOS-HUERTA, an alien, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e., conscious desire, to enter the United States without the express consent of the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, after having been previously excluded, deported and removed from the United States to Mexico, and not having obtained said express consent to reapply for admission thereto; and committed an overt act to wit, crossing the border from Mexico into the United States, that was a substantial step toward committing the offense, all in violation of Title 8, United States Code, Sections 1326(a) and (b).

//

TBS:lml:San Diego
6/23/10

1     It is further alleged that defendant ALFREDO OLMOS-HUERTA was
2 removed from the United States subsequent to June 8, 2006.
3     DATED: June 24, 2010.

A TRUE BILL:

*[signature]*
Foreperson

LAURA E. DUFFY
United States Attorney

By: *[signature]*
THOMAS B. SNYDER
Assistant U.S. Attorney

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case Number 10 CR 1952-GT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | (Fast-Track) |
| ALFREDO OLMOS-HUERTA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, United States of America, and defendant, ALFREDO OLMOS-HUERTA, with the advice and consent of defense counsel identified below, agree that this document sets forth the full and complete plea agreement between the parties.

1. The Plea, Penalties, Waivers and Representations. Defendant will plead guilty to an Information charging a violation of Title 8, United States Code, Sections 1326(a) and (b) ("the guilty plea"), which alleges that defendant committed said offense on or about April 8, 2010. The charge carries a maximum penalty of twenty years imprisonment, a $250,000 fine, supervised release of not more than three years and a mandatory $100 penalty assessment.

    a. Defendant understands that under this guilty plea, defendant waives the right to:

        (1) continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;
        (2) a speedy and public trial by jury;
        (3) the assistance of counsel at all stages of trial;
        (4) confront and cross-examine adverse witnesses;
        (5) present evidence and to have witnesses testify on behalf of defendant; and
        (6) testify or not have any adverse inferences drawn from the failure to testify.

    b. Defendant also represents that:

        (1) Defendant has had full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea;
        (2) No one has made any promise or offered any rewards in return for this guilty plea, other than those contained in this agreement;
        (3) No one has threatened defendant or defendant's family to induce this guilty plea; and
        (4) Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

2. Defendant Acknowledges No Pretrial Right To Be Provided With Impeachment And Affirmative Defense Information. The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant. Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raises an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

3. <u>Nature of the Offense</u>.

    a. <u>Elements Explained</u>. Defendant understands that the offense to which defendant is pleading guilty has the following elements:

        (1) Defendant had the conscious desire to reenter the United States without consent;
        (2) Defendant committed an overt act that was a substantial step towards reentering without consent;
        (3) Defendant was not a citizen of the United States;
        (4) Defendant had previously been lawfully denied admission, excluded, deported or removed from the United States; and
        (5) The Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, had not expressly consented to defendant's reapplication for admission to the United States.

    b. <u>Factual Basis and Relevant Conduct Information</u>. Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The parties agree that the following facts are true and undisputed and may be considered as relevant conduct under United States Sentencing Guidelines (Guidelines or USSG) § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1). Defendant specifically admits and agrees that, on the date alleged in the Information:

        (1) Defendant had the conscious desire to reenter the United States without consent;
        (2) Defendant committed an overt act that was a substantial step towards reentering without consent, that is, entering the United States by crossing the border between Mexico and the United States;
        (3) Defendant was an alien and not a citizen of the United States;
        (4) Defendant was excluded, deported and removed from the United States;
        (5) The Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, had not expressly consented to defendant's reapplication for admission to the United States; and
        (6) Defendant admits and agrees further that he was lawfully excluded, deported and removed on March 25, 2009 after suffering a prior aggravated felony conviction on October 21, 2004 for Brining in Illegal Alien Without Presentation, in violation of Title 8 United States Code § 1324, in the United States District Court, Southern District of California, which results in the 16-level increase in offense level set forth in paragraph 4 below.

4. <u>Applicability of Sentencing Guidelines - Parties' Guideline Calculations</u>. Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the Guidelines and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that they are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties agree that USSG § 2L1.2 applies in this case and that the Sentencing Guidelines are to be computed as follows, including the Specific Offense Characteristic ("SOC") for being lawfully excluded, deported and removed after a prior felony conviction pursuant to USSG § 2L1.2(b)(1).

| | | |
|---|---|---|
| Base Offense Level: | | 8 |
| SOC-Prior Aggravated Felony Conviction under USSG § 2L1.2(b)(1)(A): | = | +16 levels[1] |
| Adjustment-Acceptance of Responsibility under USSG § 3E1.1: | = | - 3 levels |
| Departure for Fast-Track under USSG § 5K3.1: | = | - 2 levels |

---

[1] The parties agree that if, before defendant is sentenced, contrary or additional information is discovered concerning defendant's criminal history which changes defendant's applicable SOC, then the Government may recommend a sentence based upon any such changes.

Def. Initials: _A.O.H_

5. **Adjustments, Departures or Sentence Reductions under 18 U.S.C. § 3553**. The parties agree defendant may recommend additional upward or downward adjustments or departures, including any criminal history departures under USSG § 4A1.3, or other sentence reductions under 18 U.S.C. § 3553.

6. **Acceptance of Responsibility**. Notwithstanding paragraph four above, the Government will not recommend any adjustment for Acceptance of Responsibility if defendant: (a) fails to admit a complete factual basis for the guilty plea at the time it is entered; or (b) denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer; or (c) fails to appear in court; or (d) engages in additional criminal conduct; or (e) attempts to withdraw the guilty plea; or (f) refuses to abide by any lawful court order.

7. **No Agreement as to Criminal History Category**. The parties have no agreement as to defendant's Criminal History Category.

8. **Parties' Sentencing Recommendations**. The Government will recommend that the sentence in this matter should be the low end of the applicable guideline range, followed by three years of supervised release. In addition, Defendant admits that he has previously been convicted of violations of Title 8, United States Code, Section 1324 and Title 18 United States Code § 1028a in the Southern District of California as evidenced by Criminal Case No. 05CR0016-J. Defendant admits he is currently in violation of the conditions of supervised release in Case No. 05CR0016-J as alleged in the Order to Show Cause. The parties further agree and recommend that defendant is to remain outside of the United States during the supervised release period under the provisions of 18 U.S.C. § 3583(d). The parties recommend that the court order a criminal history report. The Court's failure to follow this recommendation does not constitute a basis to withdraw the guilty plea.

9. **Sentence Is Within Sole Discretion of Judge**. This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is not binding on the Court. Likewise, the recommendation made by the Government is not binding on the Court, and defendant's actual sentence remains uncertain at this time. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the guilty plea.

10. **Stipulated Removal**. Either before or immediately following sentencing, defendant stipulates and agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

11. **Defendant Waives Appeal and Collateral Attack**. In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived. If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence the Government may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the Government may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

12. **Crimes after Arrest or Breach of the Agreement Will Permit the Government to Recommend a Higher Sentence or Set Aside the Plea**. This plea agreement is based on the understanding that, prior to defendant's sentencing in this case, defendant has not committed or been arrested for any offense not known to the Government. If defendant has engaged in or engages in additional criminal conduct during this period, or breaches any of the terms of any agreement with the Government, the Government will not be bound by the recommendations in this plea agreement, and may recommend any lawful sentence. In addition, at its option, the Government may move to set aside the plea.

Page 3 of 4 Pages

ORIGINAL

Def. Initials: A.O.H.

13. **Entire Agreement - Modification Must Be in Writing - Effective Date.** This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties. This agreement commences and becomes effective when the parties named below sign and date this document.

14. **Defendant and Counsel Fully Understand Agreement - Defendant Satisfied with Counsel.** By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language), has discussed its terms with defense counsel and fully understands its meaning and effect. Defendant also has communicated with defense counsel and is satisfied with the representation received.

KAREN P. HEWITT
United States Attorney

_____
Dated

_____
SHIREEN M. BECKER
Assistant U.S. Attorney

6/24/10
Dated

_____ for William W. Brown
WILLIAM W. BROWN
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION, PARAGRAPH 3b ABOVE, ARE TRUE.

X 6/24/10
Dated

_____
ALFREDO OLMOS-HUERTA
Defendant

05/5/2010:ml
Rev. 10/5/2009(PSC:jam)